TENNESSEE EGG CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 109195.    Promulgated August 18, 1942.

*Albert W. Taber, Esq.*, for the petitioner.
*John R. Stivers, Esq.*, for the respondent.

OPINION.

KERN: The question presented in this proceeding is whether losses sustained by petitioner as a result of the purchase and sale of futures contracts covering eggs are capital losses and, therefore, subject to the limitation of section 117 (d) (1) of the Revenue Act of 1938, as respondent has determined, or are losses resulting from hedging transactions or losses from the sale of "property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year", as petitioner contends, and, therefore, not subject to any capital loss limitation.

Upon the general subject of hedging attention is called to our recent opinion in *Kenneth S. Battelle*, 47 B. T. A. 117. The evidence with regard to the transactions here in question and the reasons given for them by petitioner's witness do not warrant us in characterizing them as hedges. There is no evidence that petitioner was ever obligated to sell eggs at a future date to any of its customers at any contract price, and, therefore, no risk is shown of loss through price changes to which a counter-balancing of operations could constitute a hedge. Inasmuch as the petitioner has failed to prove that its futures transactions were entered into for the purpose of hedging, the losses sustained therefrom can not, on that account, be considered as other than capital losses. *Commissioner* v. *Covington*, 120 Fed. (2d) 768.

Nor do we agree with petitioner that these futures contracts were property of a kind which would properly be included in its inventory. See A. R. M. 100, 3 C. B. (1920), p. 66; A. R. M. 135, 4 C. B. (1921), p. 67; *Staerker* v. *United States* (Dist. Ct., N. Dist. Tex., Sept. 23, 1938). We can not say that the eggs covered in the futures contracts were property held primarily for sale to customers, since the record shows that in only a few instances petitioner ever took delivery of those eggs. For the same reason we can not say that they constituted stock in trade or property of a kind which would properly be included in its inventory.

We conclude, therefore, that the losses in question were from the sale of capital assets and, therefore, subject to the limitation on capital losses. Accordingly,

*Decision will be entered for respondent.*